**The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, et al.,
Plaintiffs,**

v.

**Gerald D. BAIR, et al., Defendants.**

**Civ. No. 81–473–A.**

United States District Court,
S. D. Iowa, C. D.

Feb. 2, 1982.

Brent B. Green, Frank W. Davis, Jr., Julie J. McLean, Gamble, Riepe, Burt, Webster & Davis, Des Moines, Iowa, for plaintiffs.

Donald A. Wine, Stephen W. Roberts, Des Moines, Iowa, for defendant, Iowa Ry. Finance Authority.

Mark E. Schantz, Sol. Gen., Des Moines, Iowa, for defendant, Maurice E. Baringer, Treasurer of Iowa and Custodian of the Sp. R. R. Facility Fund.

Harry M. Griger, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendant, Gerald D. Bair, Director of Revenue and Iowa Dept. of Revenue.

Lester A. Paff, Asst. Atty. Gen., Ames, Iowa, for defendants, Raymond L. Kassell, Director of Transp., State Transp. Com'n, and State Dept. of Transp.

## RULING AND ORDER

STUART, Chief Judge.

The Court has before it defendants' Motion to Dismiss, filed on October 13, 1981, and plaintiffs' Motion to Stay, filed on November 6, 1981. Both motions came on for oral argument before the Court on December 21, 1981. Having heard the arguments of counsel for both sides, and being otherwise fully advised in the premises, the Court enters the following Ruling and Order.

## I. FACTS

Most of the following summary of the factual background of the instant action is borrowed from defendants' Brief in Support of Motion to Dismiss.

On September 15, 1981, the Iowa Legislature adopted House File 874. The effect of House File 874 was to expand and clarify the powers and duties of the Iowa Railway Finance Authority through amendment to Chapter 307B of the Code of Iowa (1981), and to provide for a special excise tax on the use of fuel for the propulsion of railway vehicles which is to be codified as a separate chapter.

The new special excise tax chapter creates a special railway facility fund into which the railway vehicle tax will be placed. The facility fund will be used to purchase and upgrade railroad right of way and trackage facilities, to purchase partnership interests in partnerships formed to purchase, upgrade or operate such railroad facilities, or to provide support funds for the issuance and repayment of tax-exempt obligations to be issued by the Authority for the purpose of purchasing and upgrading such railroad facilities or for investment in such partnerships. The special excise tax for this fund went into effect October 1, 1981.

On September 22, 1981, the plaintiffs filed their complaint in the above-captioned action. The complaint alleges that the ex-

cise tax is unconstitutional as violative of the Commerce, Supremacy, Due Process and Equal Protection Clauses of the United States Constitution. Plaintiffs request this Court to issue a declaratory judgment holding Chapter 307B, as amended by House File 874, specifically the excise tax, unconstitutional, and to enter a permanent injunction.

On November 6, 1981, plaintiffs initiated a lawsuit in Iowa District Court for Polk County seeking to enjoin enforcement of the railroad diesel fuel excise tax. On December 23, 1981, Iowa District Court Judge Anthony Critelli granted plaintiffs' request for a temporary injunction in that action.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants contend that the above-captioned action should be dismissed because this Court lacks subject matter jurisdiction to hear it. In support of their argument, defendants rely on the Federal Antitax Injunction Act, 28 U.S.C. § 1341, which in pertinent part provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such State."

On the other hand, plaintiffs contend that, notwithstanding the jurisdictional bar posed by 28 U.S.C. § 1341, the Court may entertain this action under the exception to section 1341 carved out by 49 U.S.C. § 11503. Section 11503 provides in pertinent part as follows:

(b) The following acts unreasonably burden and discriminate against interstate commerce and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them:

(1) assess rail transportation property at a value that has a higher ratio to the true market value of the rail transportation property than the ratio that the assessed value of other commercial and industrial property in the same assessment jurisdiction has to the true market value of the other commercial and industrial property.

(2) levy or collect a tax on an assessment that may not be made under clause (1) of this subsection.

(3) levy or collect an ad valorem property tax on rail transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction.

(4) impose *another tax* that discriminates against a rail carrier providing transportation subject to the jurisdiction of the Commission under subchapter I of chapter 105 of this title.

(c) *Notwithstanding section 1341 of title 28* and without regard to the amount in controversy or citizenship of the parties, a district court of the United States has jurisdiction, concurrent with other jurisdiction of courts of the United States and the States, to prevent a violation of subsection (b) of this section.

(Emphasis added).

The crux of this jurisdictional challenge lies in the parties' conflicting interpretations of subsection (b)(4)'s phrase "another tax". Defendants argue that, since subsections (b)(1)–(3) pertain to rail transportation *property* taxes, subsection (b)(4)'s "another tax" means another *property* tax and does not encompass nonproperty taxes, such as the *excise* tax on diesel fuel challenged in the instant action. Plaintiffs contend that subsection (b)(4)'s "another tax" phrase is broader in scope than the preceding three subsections which relate only to property taxes. Thus, under plaintiffs' reading of the statute, "another tax" encompasses not only property taxes, but also excise taxes, such as the one challenged herein.

■ The Court is of the opinion that the interpretation of subsection (b)(4) urged by plaintiffs is the correct interpretation. The Eleventh Circuit recently had occasion to interpret section 306(1) of the Railroad Revitalization and Regulatory Reform Act of 1976. *Alabama Great Southern R. Co. v.*

*Eagerton,* 663 F.2d 1036 (11th Cir. 1981). Section 306(1) provides in pertinent part as follows:

[A]ny action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:

. . . .

(d) The imposition of *any other tax* which results in discriminatory treatment of a common carrier by railroad subject to this chapter.

Pub.L.No.94–210, Section 306, 90 Stat. 54 (Feb. 5, 1976) (emphasis added).

Section 306(1) was revised in 1978 and codified as 49 U.S.C. § 11503, the statute relied upon by plaintiffs in support of their Resistance to Motion to Dismiss. As noted by the Eleventh Circuit, "the statutory language of 49 U.S.C. § 11503 cannot be construed as making a substantive change in section 306." 663 F.2d at 1037. The central issue in the instant case is virtually identical to the issue addressed by the Eleventh Circuit in *Alabama Great Southern R. Co.* The court there stated that the issue was "[w]hether the phrase 'any other tax' contained in Section 306(1)(d) prohibits all forms of state taxation which result in discriminatory treatment of common carrier by railroad, or only state taxes that discriminate against rail transportation property." *Idem.* Following a well-reasoned discussion, the Eleventh Circuit concluded that the phrase "any other tax" was not limited to property taxes, but encompassed discriminatory nonproperty taxes, as well.

█ The Court agrees with the Eleventh Circuit's conclusion and is of the opinion that the same analysis applies to 49 U.S.C. § 11503(b)(4)'s "another tax" language. Accordingly, although plaintiff must still show that the State of Iowa's excise tax on diesel fuel consumed by railroads within the state discriminates against rail carriers, the Court has jurisdiction to entertain the above-captioned action. Defendants' Motion to Dismiss is therefore denied.

## III. PLAINTIFFS' MOTION TO STAY

Plaintiffs' Motion to Stay requests the Court to stay further proceedings in the above-captioned action, pending disposition of their state court petition for a temporary injunction against enforcement of the tax. Plaintiffs have subsequently brought to the Court's attention the fact that on December 23, 1981, the Iowa District Court for Polk County issued the requested temporary injunction. As a result, the reasons offered by plaintiffs in support of their Motion to Stay no longer exist. Therefore, plaintiffs' Motion to Stay is overruled.

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss is denied.

IT IS FURTHER ORDERED that plaintiffs' Motion to Stay is denied.