**The KANSAS CITY SOUTHERN RAILWAY COMPANY, et al.**

v.

**Shirley McNAMARA, Secretary of the Department of Revenue and Taxation, State of Louisiana.**

**Civ. A. No. 83–72–A.**

United States District Court,
M.D. Louisiana.

May 4, 1983.

Hilton S. Bell, David M. Culpepper, and Andrew Podolnick, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for plaintiffs.

Howard M. Romaine, Baton Rouge, La., for defendant.

**200**

JOHN V. PARKER, Chief Judge.

This matter is before the court upon the motion to dismiss filed on behalf of defendant. The motion has been orally argued and supplemental briefs have been submitted by both sides.

This is an action brought by the railroad plaintiffs under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976 (the "4R Act"), 49 U.S.C. § 11503, to enjoin defendant from collecting from plaintiffs the gross receipts tax levied upon public utilities, including railroads, by the provisions of La.R.S. 47:1001, et seq.

The narrow issue presented by the motion is whether this court has jurisdiction to hear the action because the Louisiana statute levies a license tax rather than an ad valorem or property tax. That issue was squarely presented to the Eleventh Circuit in the case of *Alabama Great Southern R. Co. v. Eagerton,* 663 F.2d 1036 (11th Cir. 1981) and that court, reversing the district court, held that Section 306 reaches all manner of taxes upon railroads. Defendant makes a strong argument that the Congress intended to limit Section 306 of the 4R Act to taxes assessed upon property and she urges the court to disregard the Eleventh Circuit holding in the *Alabama Great Southern* case. While that case is not binding under the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96–452, 94 Stat. 1995, § 9, having been submitted subsequent to October 1, 1981, it is certainly persuasive.

It is axiomatic that federal law ought to be uniformly construed throughout the country. A federal district court having uniformity in mind, should follow decisions by circuit courts even when those decisions are not binding precedent in the circuit where the district court sits, unless clear and compelling reasons exist for declining to do so. Conflicts between circuits should be created by circuit courts, not district courts. Defendant's argument for disregarding the *Alabama Great Southern* case is simply her contention that the Eleventh Circuit has incorrectly construed the statute. That is a matter better addressed to the Fifth Circuit and is not a compelling reason for this court to disregard that decision. Accordingly, I find that this court does, under the *Alabama Great Southern* decision, have jurisdiction and the motion to dismiss is therefore DENIED.