**TRAILER TRAIN COMPANY, Railbox Company and Railgon Company, Appellees,**

v.

**Gerald D. BAIR, Director of the Department of Revenue of Iowa, Appellant.**

No. 84–2583.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1985.

Decided June 25, 1985.

Rehearing Denied Aug. 2, 1985.

Mark Hunacek, Asst. Atty. Gen., Ames, Iowa, Lester A. Paff, Special Asst. Atty. Gen., Iowa Dept. of Trans. and Thomas J. Miller, Atty. Gen., Des Moines, Iowa, for appellant.

Richard A. Malm, Des Moines, Iowa, Gregory G. Fletcher, Memphis, Tenn. and James W. McBride, Washington, D.C., for appellees.

Before LAY, Chief Judge, BOWMAN, Circuit Judge, and DEVITT,* District Judge.

LAY, Chief Judge.

The Director of the Department of Revenue for the State of Iowa appeals from a ruling of the district court, Honorable William C. Stuart. The case arises under section 306 of the Railroad Revitalization and

* The HONORABLE EDWARD J. DEVITT, Senior United States District Judge for the District of Minnesota, sitting by designation.

Regulatory Reform Act of 1976, Pub.L. No. 94–210, 90 Stat. 31, 54 (codified at 49 U.S.C. § 11503).

Plaintiffs are companies engaged in the business of furnishing fleets of standardized railroad cars to common carriers by railroad. These railroad cars are considered "transportation property" by the ICC. *See* ICC Docket No. 36873 (Dec. 13, 1978). Under Iowa Code ch. 435, a "railway mileage tax" is imposed on plaintiffs on the basis of the number of miles their loaded cars travel in or through the state. The Director admits the tax is discriminatory. However, the Director contends plaintiffs are not entitled to protection under section 306 because: (1) they are not common carriers by railroad; and (2) section 306 does not apply to non-property taxes.[1]

The Director's first contention has already been considered and rejected by this court in a previous case. *Trailer Train Co. v. State Board of Equalization*, 710 F.2d 468, 471–73 (8th Cir.1983). Even if we were inclined to disagree with *Trailer Train*—which we are not—only the court en banc can overrule prior circuit precedent. The district court did not err in finding section 306 protects plaintiffs even though they are not common carriers by railroad.

The Director's second argument runs contrary to all precedent. We have stated that section 306 was intended to prevent tax discrimination "in any form whatsoever." *Ogilvie v. State Board of Equalization*, 657 F.2d 204, 210 (8th Cir.), *cert. denied*, 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981). The Director admits Iowa's railway mileage tax results in discrimination. Contrary to the Director's argument, we have already indicated that section 306(1)(d)[2] is "applicable to all forms of state taxation rather than just property

taxation." *Trailer Train*, 710 F.2d at 472 n. 6. Other courts have reached the same conclusion. *Alabama Great Southern Railroad v. Eagerton*, 663 F.2d 1036 (11th Cir.1981); *Kansas City Southern Railway v. McNamara*, 563 F.Supp. 199, 200 (M.D. La.1983); *Atchison, Topeka & Santa Fe Railroad v. Bair*, 535 F.Supp. 68, 70–71 (S.D.Iowa 1982); *Atchison, Topeka & Santa Fe v. Bair*, 338 N.W.2d 338, 344–46 (Iowa 1983), *cert. denied*, — U.S. —, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984).

The Director relies on *Richmond, Fredericksburg & Potomac Railroad v. Department of Taxation*, 591 F.Supp. 209 (E.D.Va.1984), which used legislative history to create ambiguity in section 306(1)(d) and conclude that Congress intended to limit its effect to property taxes. However, the Fourth Circuit has recently overruled *Richmond* to the extent it held that section 306(1)(d) does not apply to non-property taxes. *Richmond, Fredericksburg & Potomac Railroad v. Department of Taxation*, No. 762 F.2d 375 (4th Cir.1985). The Fourth Circuit affirmed the judgment in favor of the Commonwealth of Virginia only on the ground that there was no discrimination.

Finding no merit to the arguments of the Director, we affirm the judgment of the district court.

---

1. We note the Director has made the opposite argument to this court in *Burlington Northern v. Bair*, 766 F.2d 1222 (8th Cir.1985), contending § 306(1)(d) applies only to taxes other than property taxes.

2. *§ 306(1)* \* \* \* It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:

\*   \*   \*   \*   \*   \*

(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.