**TRAILER TRAIN COMPANY; Railbox Company; and Railgon Company, Appellees,**

v.

**Donald S. LEUENBERGER, Tax Commissioner of the State of Nebraska, Appellant.**

No. 88–1118.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1988.

Decided Dec. 19, 1988.

James W. McBride, Washington, D.C., for appellees.

L. Jay Bartel, Lincoln, Neb., for appellant.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and STUART,* Senior District Judge.

STUART, Senior District Judge.

The appellees, Trailer Train Company and its wholly owned subsidiaries Railbox Co. and Railgon Co., (hereinafter referred to as Trailer Train) brought this action against the Nebraska Tax Commissioner for declaratory and injunctive relief claiming that the levy and collection of Nebraska's ad valorem tax on their rail cars violate section 306(1)(d) of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. Law 94–210, 90 Stat. 31, 54 (codified at 49 U.S.C. § 11503) (the 4–R Act). The trial court[1] agreed and enjoined Nebraska from collecting that tax. The Tax Commissioner has appealed. The case was tried on stipulated facts.

Trailer Train stock is owned primarily by operating railroads. It furnishes rail cars to the railroads enabling them to use standardized types of rolling stock to improve economy and efficiency. Trailer Train has no property permanently located in Nebraska. Its only relationship to Nebraska stems from the fact that its rail cars are used in Nebraska and travel through the state. In this case there is no dispute over the actual value of the cars taxable under the statute. The allocation of value to Nebraska is based on a statutory formula. Neb.Rev.Stat. §§ 77–624 and 77–629.

Nebraska law provides for the taxation of all tangible personal property in the state at its actual value if it is "not expressly exempt therefrom." Neb.Rev.Stat. § 77–201. Exempt tangible personal property consists of motor vehicles paying registration fees; most agricultural income-producing machinery; business inventories; feed, fertilizer and farm inventory; and grain, seed, livestock, poultry, fish, honey bees and fur bearing animals. Neb.Rev. Stat. § 77–202. Rail cars are not exempt

and in 1986 they would have been taxed at 86.81 per cent of their actual value, the equalization rate applied to all centrally assessed property for that year. 75.75% of commercial and industrial personal property is exempt from taxation in Nebraska. Except for the exempt personal property all other types of tangible personal property consisting of business equipment used in the production of income by individuals or corporations are subject to ad valorem taxation whether assessed locally by the County Assessor or centrally by the State Commissioner.

Section 306(1) of the 4–R Act provides, in substance, that no state, subdivision of a state, or any authority acting for a state or subdivision of a state: (a) may assess rail transportation property at a higher ratio of assessed value to true market value than the ratio at which all other commercial and industrial property is assessed; (b) levy or collect any property tax based on a discriminatory assessment; (c) tax rail transportation property at a rate exceeding that generally applicable to commercial and industrial property, and (d) to impose "any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part."[2] In this case we are only concerned with § 306(1)(d).

No issues are raised as to the applicability of Section 306 to Trailer Train. Appellant states the issues to be: (1) Whether the taxation of Trailer Trains personal property under Neb.Rev.Stat. §§ 77–624 to 77–633 (Reissue 1986) violates § 306(1)(d) of the 4–R Act; (2) Whether Trailer Train is entitled to relief under § 306(1)(d) in the form of a total exemption from taxation of their personal property.

### Section 306(1)(d) violation.

■ The purpose of § 306 of the 4–R Act is to prevent tax discrimination against railroads in any form whatsoever. *Ogilvie v. State Board of Equalization*, 657 F.2d

---

* The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Judge, District of Nebraska.

2. The language of 49 U.S.C. § 11503 codifying Section 306 differs from the language of Section 306 as enacted. The court relies on the language used in Section 306.

204, 210 (8th Cir.1981); *Trailer Train Co. v. Bair,* 765 F.2d 744, 745 (8th Cir.1985). It does not encroach upon a state's right to tax its citizens as it sees fit, as long as that tax does not discriminate against railroads. *Clinchfield R. Co. v. Lynch,* 784 F.2d 545, 551–52 (4th Cir.1986).

In determining that Nebraska's ad valorem tax did discriminate against Trailer Train, the trial court relied, principally, on *Ogilvie v. State Board of Equalization,* 657 F.2d 204 (8th Cir.1981) *cert. denied* 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981) and *Burlington Northern Railroad Co. v. Bair,* 584 F.Supp. 1229 (S.D.Iowa 1984) *aff'd* 766 F.2d 1222 (8th Cir.1985). Appellant argues that the Nebraska personal property taxation system, granting exemptions, distinguishes the instant case from these authorities.

Appellant points out that in *Ogilvie,* the North Dakota statute had, in essence, eliminated the personal property tax on locally assessed business property while retaining the personal property tax on centrally assessed taxpayers comprised of utilities and railroads. Appellant argues that the statute, on its face, deliberately and openly discriminates against rail transportation property and that "under Nebraska's tax scheme, all commercial and industrial personal property in the nature of business equipment is subject to taxation, either through local assessment or by central assessment."

In the *Bair* case, Iowa had adopted a plan of rollbacks and credits against personal property taxes that would eventually eliminate such taxes on all personal property *taxed as personal property.* Section 427A.1 Iowa Code excluded from the benefits of the rollbacks and credits (1) centrally assessed properties including railroads and utilities; (2) machinery used in manufacturing; (3) computers; and (4) transmission towers and antennae. The *Bair* court determined that 50% of the value of railroad property, not taxed as personal property, was actually personal property and enjoined the state from excluding that 50% from the benefits derived from the rollback and exemption provisions of the Iowa Code.

Appellant attempts to distinguish this case from *Ogilvie* and *Bair* by stating:

The Nebraska property tax scheme is neutral on its face and non-discriminatory, in that it does not deny to any individual or entity the ability to benefit from the exemptions provided for specific items of personal property. Rail transportation property such as that owned by Trailer Train is treated in the same manner as all other commercial or industrial property in Nebraska in the nature of business equipment. All items of personal property utilized by individuals or entities in the production of income are subject to taxation in Nebraska whether such property consists of desks, typewriters, computers, printing presses, or rail cars. The fact that the total value of such property may comprise approximately 25% of the total value of personal property available for taxation does not render the taxation of any portion of Trailer Train's property discriminatory.

■■■ Although the provisions of the taxing statutes involved in these three states differ, the results are the same. Section 306(1)(d) prohibits the imposition of any other tax that *results in discrimination* against railroads. *Trailer Train Co. v. State Board of Equalization,* 710 F.2d 468, 472 (8th Cir.1983). Tax exemptions are to be considered in determining whether there has been discriminatory treatment under § 306(1)(d). *Department of Revenue v. Trailer Train,* 830 F.2d 1567, 1573 (11th Cir.1987). It makes no difference whether the discriminatory result is achieved by exempting locally assessed property or exempting the property of particular business, the railroads are being discriminated against contrary to section 306(1)(d). The North Dakota and Iowa statutes gave tax benefits to certain taxpayers, those assessed locally. The Nebraska statute, instead, exempts certain kinds of personal property from taxation whether assessed locally or centrally. However, except for motor vehicles paying registration fees and business inventories,

the exemptions apply only to agriculturally related personal property. Nebraska, through the use of exemptions has, in effect, given benefits to those taxpayers involved in agriculture which are denied to taxpayers involved in other business or industries. The exemptions are specific. Only taxpayers involved in agriculture are likely to own any of the exempted personal property. It is equally unlikely that those involved in agriculture would own any operating railcars. Thus, the result is that the exemptions apply to certain taxpayers, the same as the North Dakota and Iowa statutes.

The problem with a statute such as N.C.Gen. Stat. § 105–277(a) is not that it grants tax breaks for certain agricultural products. But the problem is that if states are allowed to grant tax reductions to an increasing number of property items without taking into account the effect on the taxation of railroad property, the antidiscriminatory spirit and intent of § 306 would soon be swallowed up in the exceptions.

*Clinchfield R. Co. v. Lynch*, 784 F.2d 545, 552 (4th Cir.1986).

When the exemptions apply to three-fourths of the commercial and industrial property in Nebraska, and do not apply to rail cars, the tax system in Nebraska discriminates against Trailer Train and violates § 306(1)(d) of the 4–R Act.

 The fact that other taxpayers are also subjected to the personal property tax does not render appellants actions against Trailer Train nondiscriminatory. Discrimination against a taxpayer protected by § 306(1)(d) cannot be justified because others are also victims of discrimination. *Burlington Northern R. Co. v. Bair*, 766 F.2d 1222, 1224 (8th Cir.1985); *Ogilvie v. State Board of Equalization*, 492 F.Supp. 446, 455 (D.N.D., 1980).

### Total Exemption From Taxation

Appellant argues that "the district court erred in providing Trailer Train with preferential tax treatment to the extent of ordering the total exemption of their property from taxation as all other owners of business equipment are accorded no such exempt statutes under Nebraska law."

Appellant's reliance on *Burlington Northern R.R. Co. v. Bair*, 584 F.Supp. 1229 (S.D. Iowa 1984) is misplaced. In that case, the court rejected the railroad's argument that it should not pay any personal property taxes because the ficticious median taxpayer paid none. The railroad was granted the same exemptions and credits the Iowa law gave to locally assessed taxpayers. In affirming the district court, the Eighth Circuit said:

Although we find Burlington Northern is entitled to the same benefits as most other taxpayers—rollback and credit—it is not entitled to total exemption. In applying section 306(1)(d) we find that if Burlington Northern's personal property is of such value that tax is still due after the rollback and credit, it must pay tax like any other substantial property owner. A difference in taxation based purely on wealth is not within the prohibition of section 306(1)(d).

 In *Bair* the other centrally assessed taxpayers were still subject to the personal property tax as are the taxpayers here who are not in agriculturally related businesses. The railroad in that case received the same "preferential tax treatment" that Trailer Train is accorded here. This is because the other taxpayers are not protected by § 306(1)(d). When three-fourths of the commercial and industrial personal property in the state is not taxed because personal property used in agriculturally-related business is exempt, railroads are discriminated against if their personal property is taxed. The appropriate remedy, as awarded by the trial court, is to enjoin the collection of the discriminating tax, even though other taxpayers do not receive the same benefits.

The judgment of the district court is affirmed.